IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHAN CURTIS TAYLOR,                    *

Plaintiff,                               *

v.                                       *          Civil No. WDQ-13-1386

DEPARTMENT OF HEALTH AND                 *
MENTAL HYGIENE,

Defendant.                               *
                                       ***

MEMORANDUM

Nathan Curtis Taylor filed the above-styled case on May 9, 2013, ECF No. 1, along with a Motion to Proceed *in Forma Pauperis*, ECF No. 2. Because he appears to be indigent, Taylor's motion will be granted.

The Complaint seeks $100 million in damages for allegedly lifelong "unfair treatment" by Baltimore City Police. ECF No. 1 at 2, 3. Taylor claims this mistreatment is because of sex discrimination and "prejudice." *Id.* The remainder of the Complaint consists of similar conclusions that Taylor has been the victim of "unjustified acts of behavior." *Id.* at 2.

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require district courts to "conjure up questions never squarely presented to them"). A court may dismiss a complaint that is "so

confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to "sort out" the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122, 123-24 (D. Md. 1981) (internal quotation marks omitted); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table), 1988 WL 9621, at *1 (4th Cir. 1988) (per curiam).

Here, the Complaint, liberally construed, does not provide a "short and plain statement" showing entitlement to relief; instead, the convoluted narratives, together with the unsubstantiated conclusions, render the document incomprehensible. Thus, the Complaint must be dismissed.

A separate Order follows.

$5/21/13$

Date

William D. Quarles, Jr.
United States District Judge

2